**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 50884 & 50885**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: March 12, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| ALEC T. MALINAK, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Thomas W. Whitney, District Judge.

Judgments of conviction and unified sentence of six and one-half years, with a minimum period of confinement of one and one-half years, for domestic battery and concurrent, unified sentence of three years, with a minimum period of confinement of one year, for battery on a healthcare worker, _affirmed_.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

In these consolidated cases, Alec T. Malinak pled guilty to battery on a healthcare worker, I.C. § 18-915C, and felony domestic battery, I.C. § 18-918. In exchange for his guilty pleas, additional charges were dismissed including an allegation that he is a persistent violator. The district court sentenced Malinak to a unified term of six and one-half years, with a minimum period of confinement of one and one-half years, for domestic battery and a concurrent, unified term of

1

three years, with a minimum period of confinement of one year, for battery on a healthcare worker. Malinak appeals, arguing that his sentences are excessive.[1]

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Malinak's judgments of conviction and sentences are affirmed.

---

[1]    Malinak also pled guilty to and was sentenced for misdemeanor driving under the influence. However, he does not challenge this judgment of conviction or sentence on appeal.